UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CORECIVIC,

                *Plaintiff*,

   - *against* -

INTELEX TECHNOLOGIES INC.,

               *Defendant*.
------------------------------------------------------------X

Case No.: _____

**COMPLAINT**

Plaintiff CoreCivic ("CoreCivic" or "Plaintiff"), by its attorneys, Windels Marx Lane & Mittendorf, LLP, complaining of Defendant Intelex Technologies Inc. ("Intelex" or "Defendant"), alleges as follows:

**SUMMARY OF CLAIMS**

1. This is an action for damages, including the return of CoreCivic's payments to Intelex, resulting from Intelex's material breach of a contract to provide software and associated services whereby Intelex agreed to configure certain of its software systems to CoreCivic's specifications so that CoreCivic could manage or perform certain audit and corrective action tasks consistent with specified workflows and then (i) completely failed to configure the software systems in a manner that achieved those specifications; and (ii) attempted to avoid their obligations under the contract by imposing unilateral change orders on CoreCivic in an attempt to sidestep Intelex's material breaches and to improperly leverage Intelex's failures into a larger pay-day.

**THE PARTIES**

2. Plaintiff CoreCivic is a publically held corporation whose principal place of business is 5501 Virginia Way, Brentwood, Tennessee 37027. CoreCivic owns and operates private corrections, detention and residential reentry centers throughout the United States.

3. CoreCivic is registered with the New York Secretary of State as a foreign limited liability corporation authorized to do business within the State of New York.

4. Defendant Intelex is a Toronto, Canada based corporation whose principal place of business is 70 University Avenue, Suite 800, Toronto, Ontario, Canada. Intelex is a global software development company that provides a host of cloud-based solutions, including audit management software, to various organizations.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(3), (c)(3), and (d).

## FACTUAL ALLEGATIONS

7. CoreCivic and Intelex entered into a software licensing agreement dated February 28, 2017 (the "Master Services Agreement").

8. Pursuant to the Master Services Agreement and associated Scope of Work, Intelex agreed to provide CoreCivic with software programs able to provide, *inter alia*, certain audit and corrective action capabilities and effectuate separate workflows for certain types of audits.

9. Intelex agreed to an implementation schedule whereby Intelex would complete configuration of the software by June 2017 and deploy the software required under the Master Services Agreement by September 2017.

10. From thereon out, the Master Services Agreement provided for CoreCivic to license the Software from Intelex for a three-year term, through February 28, 2020.

11. However, having first failed to meet the implementation deadline, on or about August 2017, Intelex made the unilateral decision to configure the system using a single workflow for both internal and external/partner audits.

12. Rather than admit at that time that Intelex was not able to meet its obligations under the Master Services Agreement and provide two separate workflows for auditing, as required by CoreCivic and the Master Services Agreement, Intelex initiated a change order that covered its tracks.

13. Specifically, in September 2017, Intelex issued a change order attempting to correct its failure to abide by the Master Services Agreement and provide separate work flows for two separate audit types and instead utilized a single audit work flow for all audit types.

14. Regardless of Intelex's attempts to mask its failures to configure and deliver the software system as required, on or about June 2018 (15 months after entering into the Master Services Agreement and more than ten months after the termination date for the project's Scope of Work), Intelex notified CoreCivic that it could not provide a "batching" mechanism to batch corrective action plans associated with a single audit throughout the workflow process.

15. Section 7.2 of the Master Services Agreement contains a warranty provision which states: "[CoreCivic]'s sole and exclusive remedy with respect to this warranty will be that Intelex shall correct the breach of this warranty within a commercially reasonable period of time or a mutually agreed upon period of time. . ."

16. To date, Intelex has been unable to correct and refuses to correct their breach of the Master Services Agreement.

17. Now, three years after the execution of the Master Services Agreement and after the completion of the original terms of service, Intelex wholly failed to deliver a configured software system.

18. To make matters worse, Intelex never provided CoreCivic with a "Production" system for the actual use and implementation of the software, as required under the Master Services Agreement, and instead, only provided CoreCivic with access to a pre-production site (a/k/a the "CoreCivic Test Environment").

19. Accordingly, Intelex never provided, and CoreCivic never received delivery, of the Software as required under Section 7.2 of the Master Services Agreement.

20. To date, CoreCivic has paid to Intelex a total of $242,500.41.

21. Intelex is wrongfully in possession of those monies as Intelex wholly failed to contractually perform by providing to CoreCivic the software as promised.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

22. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

23. CoreCivic and Intelex entered into the Master Services Agreement.

24. CoreCivic performed any and all of its obligations thereunder.

25. Intelex breached the Master Services Agreement by, *inter alia*, failing to (i) provide for two separate audit workflows as required; (ii) failing to provide for "batching" of corrective actions plans associated with a single audit throughout the workflow process (iii) failing to provide a configured production software system in any capacity as required by the Master Services Agreement; and (iv) failing to remedy its breach.

26. As a direct and proximate result of Intelex's breaches, CoreCivic has been injured and has suffered extensive monetary damages in an amount to be determined at trial, but not less than $242,500.41.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unjust Enrichment)

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

28. In the alternative, Intelex has been unjustly enriched by retaining payments paid to Intelex under the Master Services Agreement but refusing to refund same when Intelex was unable to cure its breaches under the Master Services Agreement as required thereunder.

29. Intelex received payments from CoreCivic for services that it did not provide and for services that it could not provide.

30. Intelex is currently wrongfully in possession of these payments from CoreCivic.

31. Equity and good conscience require that Intelex return these payments to CoreCivic.

32. By reason of the foregoing, Intelex has unfairly and improperly obtained, and continue to unfairly and improperly obtain, substantial benefits at CoreCivic's expense.

33. As such, Intelex has been unjustly enriched in an amount to be determined at trial, but not less than $242,500.41.

**WHEREFORE**, CoreCivic hereby requests that the Court grant the following relief:

i. On the First Cause of Action a money judgment in favor of CoreCivic against Intelex in the amount of $242,500.41 plus costs and interest;

ii. On the Second Cause of Action a money judgment in favor of CoreCivic against Intelex Intelex in the amount to be determined at trial, but no less than $242,500.41, plus costs and interest;

iii. An award to CoreCivic of their costs and disbursements incurred in this suit;

    iv.    An award to CoreCivic of their attorneys' fees to the fullest extent permitted by law;

    v.    Granting CoreCivic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 1, 2020

**WINDELS MARX LANE & MITTENDORF, LLP**

By:   */s/ Bradley D. Simon*
Bradley D. Simon, Esq.
Jeremy D. Weinstein Esq.

156 West 56th Street
New York, New York 10019
(212) 237-1000
bsimon@windelsmarx.com
jweinstein@windelsmarx.com

*Attorneys for Plaintiff CoreCivic*